UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>331.46 ACRES OF LAND, MORE OR LESS, SITUATED IN MADERA COUNTY, STATE OF CALIFORNIA, et al.,<br><br>Defendants. | No. 1:23-cv-00735-ADA-BAM<br><br>ORDER GRANTING MOTION FOR POSSESSION<br><br>(ECF No. 35) |

On May 11, 2023, the United States of America filed a complaint in condemnation and declaration of taking concerning about 331.46 acres of land in Madera County pursuant to 40 U.S.C. § 3114. (ECF Nos. 1, 2; ECF No. 1-3 at 1, 3.) The United States later deposited into the court registry $5,510,000.00, the estimated value of just compensation for the condemned property interests. (*See* docket entry between ECF Nos. 18 and 19.) On June 26, 2023, the United States filed a motion seeking possession of the property no later than July 18, 2023. (ECF No. 35.) To address objections from Defendants Pacific Gas & Electric Company ("PG&E") and Columbia Canal Company ("CCC"), the United States excluded from its request possession of utility lines, the use of three groundwater wells on the property, and appurtenant water rights. (ECF No. 35-1 at 4.) Defendants CCC and the Lower San Joaquin Levee District filed statements of non-opposition to the motion. (ECF Nos. 42, 44.) Defendants PG&E, Madera County,

Sacramento and San Joaquin Drainage District, and Bownick Partnership did not file oppositions within the period permitted by Local Rule 230(c).  The Local Rules permit the Court to view this inaction as an expression of non-opposition.  *See* E.D. Cal. R. 230(c).  Defendants Christopher, Michelle, and Steven Cardella filed an opposition on July 7, 2023, asking the Court to delay the taking of just 22 of the 331.46 total acres until October 1, 2023 to accommodate the fall almond harvest.  (ECF No. 40 at 4–6.)  The Defendant Lopes Estate filed an opposition on July 10, 2023 in support of the Cardella Defendants.  (ECF No. 43.)

Upon the filing of a declaration of taking and the deposit of an estimated amount of just compensation in the court's registry, title to the property in question immediately vests in the government.  40 U.S.C. § 3114(b)(1).  Nevertheless, the district court "may fix the time within which, and the terms on which, the parties in possession shall be required to surrender possession to the petitioner."  40 U.S.C. § 3114(d)(1).  "Federal courts have construed this language as empowering district courts to examine the equities of the matter to evaluate whether undue hardship to the present landowner or occupant might warrant some temporal gap between the filing of the declaration of taking and the owners' surrender of possession."  *United States v. 42.35 Acres of Land*, No. 1:17-cv-00930-LJO-JLT, 2017 WL 3620109, at *2 (E.D. Cal. Aug. 23, 2017); *accord E. Tenn. Nat. Gas Co. v. Sage*, 361 F.3d 808, 825 (4th Cir. 2004).

At the July 13, 2023 hearing on the motion, the parties informed the Court that they had arrived at an amicable resolution.  Pursuant to the agreement, the United States will take immediate possession of all portions of Parcels 1 and 2 that do not contain almond plantings.  The Cardella Defendants will relinquish possession of the portions of Parcels 1 and 2 that do contain almond plantings – the 22 acres at issue – no later than September 10, 2023.  The Court cannot discern any undue hardship that would result from this agreement.  Therefore, pursuant to 40 U.S.C. § 3114(d)(1), the Court grants the motion for possession according to the parties' proposed terms.

///

///

///

Accordingly, the United States' motion for possession, (ECF No. 35), is granted as follows:

1. Possession of the land in the portions of Parcels 1 and 2 that do not contain almond plantings shall be relinquished to the United States on the date of entry of this order;

2. Possession of the land in the portions of Parcels 1 and 2 that do contain almond plantings shall be relinquished to the United States no later than 11:59 p.m. PDT on September 10, 2023;

3. The possession ordered in paragraphs 1 and 2 of this order does not include possession of any utility lines or groundwater wells located on Parcels 1 and 2;

4. The possession ordered in paragraphs 1 and 2 of this order does not include possession of any appurtenant water rights associated with Parcels 1 and 2, Columbia Canal Company shares, or any right to the delivery of water to Parcels 1 and 2 by the Columbia Canal Company.

IT IS SO ORDERED.

Dated:   July 13, 2023

UNITED STATES DISTRICT JUDGE