UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>v.<br><br>331.46 ACRES OF LAND, MORE OR LESS, SITUATED IN MADERA COUNTY, STATE OF CALIFORNIA; AND JOSEPH DEPAOLI, SUCCESSOR TRUSTEE OF THE JAMES W. LOPES LIVING TRUST, DATED APRIL 24, 2019, ET AL.,<br><br>Defendants. | Case No. 1:23-CV-00735-KES-FJS<br><br>SECOND AMENDED ORDER APPROVING STIPULATION FOR THE WITHDRAWAL AND DISTRIBUTION OF THE DEPOSIT OF JUST COMPENSATION<br><br>(ECF Nos. 112, 113)<br><br>ORDER DIRECTING THE CLERK OF THE COURT TO DISBURSE FUNDS HELD IN REGISTRY |

I. <u>BACKGROUND</u>

On May 20, 2026, the undersigned denied the parties' stipulation for withdrawal and distribution of just compensation without prejudice (ECF No. 108) due to missing signatures on the parties' joint stipulation (ECF No. 107). While the court later granted the parties' signed stipulation (ECF No. 109), the Clerk of the Court declined to issue funds because the stipulation did not clearly "indicate which parties are entitled to principal and any accrued interest." *See* L.R. 150(e).

On June 15, 2026, the parties uploaded an amended stipulation for the withdrawal and distribution of just compensation (ECF No. 111) that explicitly distributes "all interest earned on

the funds" to named recipients. (*Id.* at ¶ C.) On June 18, 2026, the undersigned granted the parties' amended stipulation and amended the court's previous order accordingly. (*See* ECF No. 112).

Yet, on July 2, 2026, the parties uploaded a second amended stipulation for withdrawal of the deposit (ECF No. 113). Based on the undersigned's review of the second amended stipulation, it appears the parties seek only to amend the addressee information provided in paragraph A. (*Id.* at ¶ A.) Specifically, the parties have stipulated to distribute $40,144.00 of the deposit to the California Department of Water Resources, rather than the Sacramento San Joaquin Drainage District. (*Compare* ECF No. 113 ¶ A, *with* ECF No. 111 ¶ A.)

II. <u>DISCUSSION</u>

Upon review of the stipulation of defendant JOSEPH DEPAOLI ("Trustee"), as successor trustee of THE JAMES W. LOPES LIVING TRUST, dated April 24, 2019, ("Lopes Trust"), defendants Christopher, Michelle, and Steven Cardella (collectively, "Cardellas"), defendant the Sacramento and San Joaquin Drainage District ("SSJDD"), defendant Columbia Canal Company ("CCC"), and plaintiff United States, who together consist of all the parties remaining in this case,

**IT IS ORDERED** that the Clerk of the District Court shall immediately disburse the balance of approximately $5,510,000.00 held in the Registry pursuant to 28 U.S.C. § 2042, Fed. R. Civ. P. 67 and 71.1 (j)(2), and Local Rule 150 (e), as follows:

A. Disburse $40,144.00 of the Deposit to SSJDD as follows:

California Department of Water Resources
c/o Central Valley Flood Protection Board
3310 El Camino Ave., Ste. 170
Sacramento, CA 95821

B. Disburse the remaining balance of the Deposit, approximating $5,469,856.00, to the Lopes Trust as follows:

Desmond, Manning, Livaich & Cunningham in Trust for
Joseph Depaoli, Successor Trustee of the Lopes Trust
1830 15th Street, Suite 200

Sacramento, CA 95811

C. All interest earned on the funds shall be distributed to the recipients in the same proportion as their respective principal disbursements.

D. SSJDD and the Lopes Trust shall pay and discharge in full any taxes, assessments, liens, or encumbrances against the property in existence as of the date of taking;

E. If the final award exceeds the amount of the Deposit, the amounts paid to SSJDD and the Lopes Trust from said Deposit, including any sums paid therefrom to other parties that have valid claims or for taxes, liens, or encumbrances, shall be partial payment of the final award to be paid to SSJDD and the Lopes Trust;

F. In the event that a final judgment is entered for just compensation in an amount less than that which has been paid to SSJDD and the Lopes Trust, including any amount expended for taxes, liens, or encumbrances, the Lopes Trust and SSJDD agree to refund into the Registry of the Court the amount by which such payments exceed said judgment, with interest at the rate of 52-week Treasury Bills, from the date of disbursal of the deposit to the date of repayment into the registry of the Court, calculated in accordance with the provisions of 40 U.S.C. § 3116;

G. The Lopes Trust and SSJDD shall be liable for any valid claims by other interested parties if it is ultimately determined that the Lopes Trust or SSJDD is entitled to less than the amount disbursed, and if so the Lopes Trust or SSJDD, as appropriate, shall return the difference to the Court with interest at the rate of 52-week Treasury Bills, calculated in accordance with the provisions of 40 U.S.C. § 3116 from the date of disbursal of the deposit to the date of repayment into the Registry of the Court;

H. The United States shall be held harmless from the claims of any parties having liens or encumbrances and any other parties who may be entitled to the distributed funds or any part thereof by virtue of any recorded or unrecorded agreement; and

I. This order is entered without prejudice to the rights of any party, including SSJDD and the Lopes Trust, to claim additional compensation for the taking of the property interests in the Subject Property.

IT IS SO ORDERED.

Dated: **July 22, 2026**

UNITED STATES MAGISTRATE JUDGE